By the Court.
 

 The chief question in these cases, as stated by the appellant, is “whether the assessment for taxation of the shares of capital stock owned by the shareholders in an incorporated financial institution whose capital stock is divided into shares, all of which are withdrawable, may properly include the amount of the capital stock in addition to the surplus or reserves and undivided profits.”
 

 Appellant, in its returns for the years 1938, 1939, 1940 and 1941 (causes Nos. 29792, 29793, 29794 and 29795), returned its capital as “none” and did not include therein “the surplus or reserve fund and the undivided profits as shown.” (Section 5412, General Code.) In the causes now before this court, appellant now contends that “the capital stock as shown by the return must be excluded and the
 
 assessment of shares must be based only on the surplus or reserves and undivided
 
 profits.” (Italics ours.)
 

 Our first' inquiry is whether, under Section 5412, General Code, the Tax Commission (er) properly included the amount of withdrawable shares as a taxable deposit. The action in taxing the “surplus or reserves and undivided profits” now seems not to be contested.
 

 Section 5324, General Code, defines deposit as follows :
 

 “The term ‘deposits’ as so used, includes every deposit which the person owning, holding in trust, or having the beneficial interest therein is entitled to withdraw in money, whether on demand or not, and
 
 *248
 
 whether evidenced by commercial or checking account, certificate of deposit, savings account or certificates of running or other withdrawable stock, or otherwise * * * .”
 

 Section 5412, General Code, provides as follows:
 

 “Upon receiving such report the Tax Commission of Ohio shall ascertain and assess all the taxable shares of such'financial institution, or the value of the property representing the capital employed by such financial institution, not divided into shares, at the aggregate amount of the capital, the surplus or reserve fund and the undivided profits as shown in such report, and the amount of taxable deposits of such institution. Such amounts shall be assessed in the name of such financial institution excepting that the amounts of the taxable deposits wholly withdrawn from each such institution within the times mentioned in Section 5411-2 of the General Code and separately set forth in such report shall be subtracted from the amount of taxable deposits so assessed and separately assessed in the names of such respective depositors.
 
 In the case of an incorporated financial institution all of whose shares constitute deposits as defined in Section 5324 of the General Code such assessment of shares shall exclude the capital stock thereof as so shown but shall include the surplus or reserve and undivided profits so shown.”
 
 (Italics ours.)
 

 Appellant concedes that withdrawable stock as herein considered is a deposit within the provisions of Section 5324, General Code. The returns for. the years 1938,1939,1940 and 1941 contained this note or similar statements: “All shares are withdrawable and taxed as deposits under G. C. 5324.” (Copied from the 1941 return.) But appellant contends that the last sentence in Section 5412, General Code, requires that the with-drawable shares be exempted from taxation and that
 
 *249
 
 the assessment be levied only on the aggregate of its “surplus or reserves and undivided profits.”
 

 It is axiomatic that all parts of a statute shall be construed together. Section 5412, General Code, provides the manner of assessing both the capital and the deposits of a financial institution. It provides that “the Tax Commission of Ohio shall ascertain and assess all the taxable shares of such financial institution * * * and the amount of taxable deposits of such institution. Such amounts shall be assessed in the name of such financial institution * * * .”
 

 The last sentence in this section provides that where the shares are ‘ ‘ deposits, ’ ’ they shall not be taxed also as “capital stock,” but instead, only the “surplus or reserve, and undivided profits” shall be taxed as capital. This clearly appears from a consideration of the entire section as a complete plan of assessment of financial institutions.
 

 In making the assessment, the Tax Commission(er) properly applied the provisions of Section 5412, General Code. The withdrawable shares were included in the “deposits” and were excluded from the “capital” account. The appellant was taxed in the same manner as the provisions of Section 5412, General Code, require that assessments be levied on financial institutions which have non-withdrawable shares of stock and whose shares did not constitute deposits. Any other method would discriminate against the latter.
 

 Finally, appellant contends that the tax levied on its “surplus or reserves and undivided profits” should have been determined as of the same date that assessments of taxes on deposits were determined, instead as of December 31 of that year, relying on Section 5411-1, General Code. This section provides in part that “on or before the fifth day of December, annually, the Tax Commission of Ohio shall fix the day as of which the taxable deposits in financial institutions shall be listed and assessed.
 

 
 *250
 
 By its terms, this section is applicable to “taxable •deposits” only, and makes no reference to “surplus or reserves or undivided profits.” This provision applies only to deposits and has no other application in the assessment of such financial institutions.
 

 The decision of the Board of Tax Appeals in each of these cases is affirmed.
 

 Decisions affirmed.
 

 Weygandt, C. J., Matthias, Zimmerman, Bell, Williams and Turner, JJ., concur.